**STATE, Plaintiff-Appellee, v. MORGAN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21537. Decided October 17, 1949.

Frank T. Cullitan, County Prosecutor, Harvey Monck, Ass't. County Prosecutor, Cleveland, for plaintiff-appellee.
Martin L. Sweeney, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment of the common pleas court of Cuyahoga County finding the defendant guilty of the crime of first degree manslaughter.

The defendant and the deceased had been room-mates for a short period of time prior to March 29, 1949 in rooms located at the rear of 6310 Quincy Avenue in the City of Cleveland. The rooms were directly behind a store fronting on Quincy Avenue and were reached by a driveway running from Quincy Avenue on the west side of the building to the rear of the property.

The deceased, a man about 55 years of age, had sent a mutual friend to find the defendant so he could talk with him about removing a juke box from the rooms. The defendant, upon learning that the deceased wanted to talk with him, returned to 6310 Quincy Avenue and found the deceased in the store. He, the deceased, came out on the sidewalk and the two men walked into the driveway and stood at or close to the corner of the building and engaged in a heated conversation about the removal of the juke box and other furniture, the deceased displaying some anger toward the defendant during the conversation. While this conversation was going on they were standing close together.

The defendant testified in substance that he had seen the deceased with a gun a week or two before and that on this occasion the deceased, during the course of the conversation, rushed or moved toward the defendant and put his hand in

his pocket and that the defendant then hit him once on the side of the jaw with his fist and the deceased hit his head against the wall and fell to the street. The defendant then walked away and went to a picture show.

The deceased upon examination was found to have a blackened eye, a fractured nose, a fracture of the bones above the lip, a fractured sternum and a subarachnoid hemorrhage in the region of the temple. There is no controversy in the evidence but that the deceased came to his death as a proximate result of the assault and battery committed on and against his person by defendant.

The defendant is a man thirty-two years of age. He had a criminal record which the jury had a right to consider when determining his credibility. He had also engaged in a limited way in professional or semi-professional boxing.

At the conclusion of the trial, the arguments of counsel and the charge of the court the defendant requested the court to give further instructions on the subject of "self defense", the request being as follows:

"We would like the court to charge on behalf of the defendant that if the defendant had a bona fide belief under all the circumstances that he was in imminent peril of bodily harm and he had a bona fide belief that the deceased had a gun even though it developed later that he did not have a gun in his possession, he is justified in exercising self-defense."

In refusing this request, the court stated that he covered all legal principles contained in the request in the general charge.

The court as a part of the general charge instructed the jury on the subject of self-defense in part as follows:

"Every man may repel force by force, even to the extent of taking life, in defense of his person, his home or his property. A bare fear, however, of being killed, or of receiving bodily harm, is not sufficient to justify one in inflicting serious injury or death upon another. It must appear that the circumstances were sufficient to excite the fear of a reasonable person similarly situated, and the defendant acted in good faith, and in reviewing the situation and circumstances from his standpoint, really acted under the influence of such fear, and not in a spirit of malice or revenge. That is, the jury are to look at the situation from the standpoint of the defendant himself, at the time he acted, as charged in the indictment, and determine, under the circumstances of stress

and excitement surrounding him whether without fault or carelessness on his part he did honestly believe he was in imminent danger of losing his life, or of receiving great bodily harm, and, to prevent this, it was necessary for him to have acted as he did. The law of self-defense is a law of necessity, pure and simple. It is not an offensive law, but is a defensive law." * * *

"A person who is assaulted and believes and has good cause to believe that great bodily harm is about to be done him and who acts in a moment of seeming impending peril need not gauge nicely the quantum or amount of force necessary to repel his assailant. The question in such case is whether under all the circumstances he had reason to believe and did believe that the means or force exercised was necessary to protect him from impending danger or great bodily harm. The degree of force and the nature or means which may be properly employed in self-defense must depend upon the circumstances of the case in hand."

"* * * Now, you will look to the act and conduct of the deceased before and at the time the defendant shot him, if you should find that he did shoot him. Were his acts and conduct such as would indicate to the defendant that the deceased was about to kill him, or do him great bodily harm? You should put yourselves in the position of the defendant as nearly as possible, with his knowledge or lack of knowledge of the deceased, surrounded by the conditions and circumstances that surrounded defendant, and seeing what he saw. You should also consider the acts and conduct of defendant and determine whether or not he in good faith believed and had reasonable grounds to believe that he was in imminent danger of death or great bodily harm, and that his only means of escape was by taking the life of his assailant."

The errors complained of by the defendant, are:

"(1) Failure of the court to charge on the law of self-defense as requested by the defendant.

(2) Misconduct of the prosecuting attorney.

(3) Error of law occurring at the trial.

(4) That the verdict is not sustained by sufficient evidence and is contrary to law."

The defendant's request for the court to enlarge on its instructions on the subject of self-defense under the cir-

cumstances was not well taken. The elements of self-defense that were correctly stated in the request were completely covered in the court's general charge.

It will also be noticed that the first paragraph of the court's charge above quoted is erroneous and in a limited sense contradictory and not in conformity with the rule as set forth in **State v. Sheets, 115 Oh St 308** or **Nelson v. State, 42 Oh Ap 252,** but when considered in the light of all of the facts of the case, while erroneous, it does not appear that such error prejudiced the rights of defendant.

During the course of the prosecutor's argument to the jury he turned to the defendant and said:

"You ought to be ashamed of yourself, killing an old man."

. The defendant's motion to exclude such remark was sustained by the court and the prosecutor retracted the statement. The record therefore fails to show any prejudicial error upon this claim.

Likewise, a fair examination of the other errors complained of fails to sustain the defendant's contention that he was prejudiced thereby.

Sec. 13449-5 GC provides in part that no judgment of conviction shall be reversed for a misdirection of the jury or for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial.

· Under the undisputed facts in this case, the defendant struck the deceased a vicious blow causing him to fall to the pavement and then walked slowly away, under such circumstances that would warrant the jury in concluding that he was not in the least concerned about his own safety. We must therefore conclude that substantial justice has been done and the judgment of the trial court is affirmed.

Judgment affirmed. Order see journal. Exceptions noted.

McNAMEE, J, Concurs.

HURD, J, dissents on authority of **Marts v. State, 26 Oh St 162, Napier v. State, 90 Oh St 276, State v. Sheets, 115 Oh St 308; Nelson v. State, 42 Oh Ap 252.**